INÉS ENCARNACIÓN, Plaintiff and Appellant, *v.* JOSÉ SALIM ET UX., Defendants and Appellees.

No. 9784. Argued January 10, 1949.—Decided March 30, 1949.

R. *Díaz Collazo* for appellant. *Vicente Géigel Polanco* and *Miranda & Miranda Esteve* for appellees.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On December 11, 1944, Inés Encarnación brought, in the District Court of San Juan, an action for the specific performance of a contract and damages against José Salim and his wife Adela Miguel. It was alleged in the complaint that the defendants were owners of a lot situated in Santurce, wherein there was located a reinforced two-story concrete building with a basement, which was leased to the plaintiff pursuant to the covenants and agreements set forth in deed No. 19, executed on March 4, 1939, before Notary H. F.

Dottin,[1] the defendants being acquainted with said deed; that pursuant to said lease, the defendant José Salim on December 13, 1943, informed the plaintiff that he had an offer to purchase said property for the sum of $35,000; that the plaintiff on December 17, 1943, accepted the defendants' offer and was willing to pay them the above-mentioned sum for the described property; that subsequent to the offer and acceptance, the defendants without any cause, reason, or justification, arbitrarily failed to comply with said offer and refused to carry out the conveyance of the property in spite of the many requests made by the plaintiff to the defendants; that the plaintiff in order to comply with her part of the agreement, took steps to obtain, and obtained, the sum of $35,000 asked by the defendants in their offer of December 13; that she had always been willing and in a position to comply with the terms of the agreement entered into between the parties; that defendants' refusal to comply with said agreement caused damages to the plaintiff in the sum of $3,000, during the twelve months prior to the institution of the action,[2] inasmuch as the plaintiff was deprived from receiving about $250 monthly as rent for the above-mentioned property. The plaintiff prayed that the defendants be ordered to execute, upon the receipt of the sum of $35,000, a deed of conveyance of said property and to pay $3,000 as damages.

The defendants answered admitting to be the owners of the property described in the complaint, and also that said

---

[1] According to the evidence, the lease in favor of the plaintiff was deed No. 19 executed before Notary H. F. Dottin on March 4, 1939, by Dr. Fernando De Juan and his wife Ana Carmen Gatell, owners of the property on the date mentioned in the complaint, and from whom Salim subsequently acquired it by purchase. The seventh clause of said lease, which is the one invoked by the plaintiff, is as follows:

"Should the lessor decide to sell the real property leased, the lessee shall have a preferential option to purchase under the same conditions as the best offer that any other person may make to the owner."

[2] At the trial the plaintiff requested and obtained leave from the court to amend her complaint and to conform it to the evidence, enlarging the period of damages to "the last 24 months."

property was leased by the plaintiff since March 4, 1939, but denied that pursuant to the lease the defendant José Salim had informed the plaintiff that he had an offer to purchase said property for $35,000. On the other hand, they alleged that in addition to the property involved in the complaint, they were also owners of another house and lot adjacent to the former, and of two lots adjacent to the second property mentioned; that on December 11, 1943, the defendant José Salim received from Mr. Antonio Méndez an offer to purchase all the property above mentioned for the total sum of $60,000, Mr. Méndez undertaking to pay a mortgage of $3,750 existing on the property claimed by the plaintiff; that of the total sum of $60,000 offered, Mr. Méndez fixed a price of $35,000 to cover the property claimed by the plaintiff, and that Méndez had also agreed to pay attorney's fees (sic) and registration fees. The defendants also alleged that they considered the offer of Méndez very tempting and that, without there being an acceptance by defendant Salim, the latter gave instructions to Attorney J. Pedro Miranda to notify the plaintiff of Méndez's proposal, in accordance with the stipulations in the lease entered into by the plaintiff with the former owner of the property; that said attorney did so, but that the letter sent by him to the plaintiff did not accurately disclose the offer made by Méndez to Salim, for which reason the attorney himself, in a subsequent letter, explained to the plaintiff the offer made by Méndez to Salim and the conditions under which the latter would be willing to sell the property. The defendant Salim admitted that the plaintiff informed his attorney that she was willing to purchase the property according to the offer made to her, but denied that the defendants made any offer to the plaintiff, alleging that he had never authorized the sale of an individual lot or house without the sale of all the property and that after Méndez made the offer, the same had been bettered, but that Salim had already desisted from selling. On the other hand, the defendant Adela Miguel alleged that

718

the complaint did not state facts sufficient to constitute a cause of action against her.

After a trial on the merits, the case was submitted by stipulation of the parties to the judge of the lower court who finally rendered the judgment involved in this appeal, as the judge before whom the trial was held on September 4, 1945 no longer formed part of said court. At this stage, on April 12, 1948, judgment was rendered dismissing the complaint. The plaintiff appealed to this Court and in support of her appeal assigns three errors which may be summarized as follows: that the lower court erred in considering and weighing the evidence and dismissing the complaint, and in applying the law and the decisions.

Since the lower court decided the case in accordance with the stipulation of the parties, on the testimony of the witnesses who testified before another judge, this Court is in the same position as the lower court to weigh the facts which appear from the record before us. *Gómez* v. *Trujillo*, 59 P.R.R. 470, 474. Let us examine them.

The *documentary* evidence shows that on March 4, 1939 Fernando de Juan and Ana Carmen Gatell, husband and wife, leased to the plaintiff Inés Encarnación, for a period of three years, renewable for three additional years, the property described in the complaint (No. 111, Ponce de León Avenue) for a monthly rental of $250. In the deed of lease,[3] after setting forth the conditions of the lease itself, the lessor granted to the lessee a preferential option to purchase the property under the same conditions as the best offer that any other person made him.

On May 31, 1940, and by deed No. 7 executed on that date before Notary Vicente Géigel Polanco, the spouses De Juan–Gatell sold to José Salim, at that time married to Adela Miguel, the same property which they had leased to Inés Encarnación. By the same document they also sold to him another adjacent property (No. 109, Ponce de León Avenue)

---

[3] See note 1, *supra.*

and two adjacent lots. In the deed of conveyance—in which neither Adela Miguel, wife of Salim, nor the lessee Inés Encarnación participated—a clause was inserted whereby the purchaser Salim acknowledged and accepted all the terms of the lease entered into by the vendor and the lessee, as set forth in the different clauses of the lease.[4]

On December 11, 1943, José Salim received from Antonio Méndez an offer to purchase all the urban properties above mentioned for the sum of $60,000,[5] Méndez, undertaking to pay also the sum of $3,750 for a mortgage which

---

[4] Said clause is as follows:

"FOURTH: The purchaser Don José Salim acknowledges and accepts in all its terms the contract of lease entered into between the vendor DON FERNANDO DE JUAN Y PRIETO, Doña Inés Encarnación, and Doña Sara Roberts Vda. de Gaetán, in connection with the property marked with the letter 'A' that is, the real property situated at No. 111 Ponce de León Avenue, ward of Santurce of this city, and the purchaser subrogates himself in all the rights belonging to Mr. DE JUAN, the former owner of the property. The contract of lease shall remain in effect under the same covenants and conditions set forth in deed No. 19, executed before Notary E. F: H. Dottin in this city, on the 4th of March, nineteen hundred and thirty nine."

[5] The letter containing said offer is the following:

"San Juan, Puerto Rico
December 11, 1943.

"Mr. José Salim,
Santurce, Puerto Rico.
Dear Sir:

I hereby wish to make you an offer in connection with your property situated at Nos. 109 and 111 Ponce de León Avenue, and that which is located behind both houses for the sum of $60,000, legal tender, in the following manner:

| | |
|---|---|
| No. 111 Ponce de León Ave | $35,000 |
| No. 109 Ponce de León Ave | 15,000 |
| Lot at the rear part of the Clinic | 500 |
| Shed houses behind property No. 107 | 9,500 |

it being understood that I accept the conditions set forth by you, and in accordance thereto undertake to pay the mortgage of $3,750 encumbering the house at No. 111 (Clinic), as well as to pay the attorney's fees, registration fees of the deeds and the broker's commission.

"Awaiting your prompt reply, I remain
Very truly yours,
(Sgd.)    Antonio Méndez."

encumbered the property at No. 111 Ponce de León Ave. (involved in this action), as well as to pay attorney's fees, the registration fees of the deeds, and the brokers' commission.

On December 13, 1943, Attorney J. Pedro Miranda, on behalf of Salim, wrote a letter to the plaintiff [6] informing her that Salim had received an offer to purchase the house which she had leased and that since she had an option in accordance with the seventh clause of the lease to purchase the property under the same conditions as the best offer that Salim might receive from another person, he was appraising her of the offer; and required an answer within the next five days, which, if not received, would be considered as a waiver to the right reserved to her in the said lease.

On December 17, 1943, the plaintiff answered Attorney Miranda accepting the offer made to her.

On January 7, 1944, Attorney Miranda again wrote to the plaintiff, explaining his letter of December 13, 1943, and specifying the precise terms of Méndez' offer to Salim.

---

[6] The text of said letter is the following:

"December 13, 1943.

"Mrs. Inés Encarnación,
No. 111 Ponce de León Ave.,
Santurce, P. R.
Madam:

"My client Don José Salim informs me that he has an offer to purchase the house which you occupy at the address above indicated, for the sum of $35,000 (thirty-five thousand dollars). As in accordance with the seventh clause of the lease of March 4, 1939, executed before Notary Mr. E. F. H. Dottin, you have a preferential option to purchase under the same conditions as the best offer which its owner may obtain from any other person, I inform you of this fact in case you wish to exercise your right.

"I await an answer from you indicating your decision within the term of FIVE DAYS to start from the date of receipt of this letter. We shall consider that if you fail to answer you waive the right reserved to you in the said deed.

"Without anything further, I remain

Very truly yours,

(Sgd.)    J. Pedro Miranda."

On February 9, 1944, Salim wrote directly to the plaintiff informing her that the offer made by Méndez to him for the purchase of all his property had been withdrawn by Méndez. He added at the same time that if he subsequently received any other offer, or if he decided to sell the property which he had leased to her, he would inform her in order that she might exercise the option to purchase reserved in the lease.

From the foregoing evidence, which is all the documentary evidence appearing from the record, we must conclude that although at the time Salim acquired the property from the spouses De Juan–Gatell he ratified by the deed of conveyance all the clauses contained in the lease—among which there was the clause containing the option to purchase granted in favor of the plaintiff—such ratification made by him is void with respect to the conjugal partnership of Salim and his wife, since she did not participate in the said deed of conveyance. Although Salim could by himself acquire the property for the conjugal partnership, he could not cause the partnership to alienate said property in the future without the express consent of his wife. Sections 91 and 1313 of the Civil Code, 1930 ed.; *Robles* v. *Guzmán*, 67 P.R.R. 671, 675, and cases cited therein, and *Consolidated Broadcasting Corp.* v. *Conesa*, 65 P.R.R. 745, 748.

However, since the action of the plaintiff is predicated not only on the option to purchase set forth in the lease —the clauses of which were accepted by Salim when he purchased the property—but also on the offer which, pursuant to said lease, the latter made to her through Attorney Miranda, and her acceptance, let us see if the *oral* evidence appearing from the record discloses, in connection with said offer, whether or not Salim's wife gave the express consent required by law to make binding an obligation sought to be enforced by the action brought by the plaintiff.

Regarding this point, the evidence for the plaintiff only makes reference to a conversation between her and Salim in

the latter's house, during which Salim's wife was present. Said conversation, as told by the plaintiff herself, was as follows:

"Q. Where did Mr. Salim live?
A. At Estrella Street.
Q. Was Mr. Salim alone?
A. With his wife.
Q. Did you find him there?
A. Yes, sir.
Q. What happened in the interview?
A. We again discussed the matter and then he told me: 'Well, I would sell but my wife objects.' I answered: 'I have entered into a contract with you and you offered it to me and I expect that you make a decision.' He answered: 'She does not want to sell.' Then the lady said: 'It is the same to me because it is for the education of my daughters.'
Q. Was she present?
A. Yes, sir."

When the defendant Salim was cross-examined as witness for the plaintiff, he testified that on the occasion of a visit that the latter made to him at his house (several days after the letter-offer of Attorney Miranda and her acceptance) he had stated to the plaintiff that his wife did not agree to sell any of the property and that his wife had so told it to the plaintiff.

Regarding this point also, the evidence for the defendants showed that during a visit that Attorney Gaspar Encarnación Santana, brother of the plaintiff, made to José Pedro Miranda, Attorney of the defendant Salim, Miranda told Encarnación, after explaining to him the mistake he had made when transmitting to the plaintiff the offer which Salim had received from Méndez, that the consent of Salim's wife had to be obtained in addition and that he understood that said lady was not willing to sell the property nor to ratify the action of her husband. Salim's wife herself testified that she had at no time consented to the sale of the property and that she had told this to her husband.

The remaining evidence for both parties dealt principally with the question of whether or not the offer contained in the letter of Attorney Miranda, since it was not the one that Salim received from Méndez, was ratified verbally by Salim. As to this point, the evidence was conflicting. We do not deem it necessary, however, to decide the conflict in the evidence, since we are not inclined to hold that Salim's wife ratified his actions in such a manner that a specific performance of the offer made by Salim to the plaintiff might be enforced, which as we have seen, involved the alienation of real property belonging to the conjugal partnership.

The judgment appealed from must be affirmed.